UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MACHELLE KELLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:13-CV-76-CDP |
| | ) |
| GEORGE LOMBARDI, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon transfer from the United States District Court for the Western District of Missouri [Docs. #2 and #3]. Plaintiff is proceeding *pro se*, and she has paid the $400 filing fee. For the reasons set forth below, the Court will dismiss this action as legally frivolous and for failure to state a claim or cause of action under 42 U.S.C. § 1983.

Pursuant to 28 U.S.C. § 1915A, the "court shall review before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court is to dismiss the complaint, or any portion, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff, an inmate at the Women's Eastern Reception and Diagnostic Correctional Center ("WERDCC"), brings this 42 U.S.C. § 1983 action for monetary, declaratory, and injunctive relief.  Named as defendants are George Lombardi (Director, Missouri Department of Corrections), Chris Koster (Missouri Attorney General), Angela Mesmer (ERDCC Warden), and Jamie Blair (ERDCC Correctional Officer).  Plaintiff is suing defendants in their individual capacities.

Plaintiff alleges that shortly after being released from the WERDCC in July 2012, "she began receiving text messages from [defendant] Jamie Blair of a sexual

nature, including two photos of his penis." Plaintiff claims that Blair "began to stalk [her] via cell phone" and told her he wanted her to come live with him and that he "secretly loved her and watched her but waited to tell her until after she was released." Plaintiff further claims that Blair "continuously sent [her] text messages, indicating that he wanted her to have his children," and he ignored plaintiff's mother's requests to leave plaintiff alone. Plaintiff states that she had no previous conversations with Blair while she was incarcerated, and she was forced to deactivate her cell phone number "to get Blair to leave her alone."

## Discussion

### A. Failure-to-Train Claims

Plaintiff alleges that defendants George Lombardi and Angela Mesmer failed to properly train Jamie Blair. Plaintiff states, "From information and belief 'correctional officers' in Missouri are given two (2) days training before they are turned loose on Missouri's prison population." She further states, "Plaintiff submits that the inaction or laxness complained of herein has been a *fact* for *decades*."

"A supervisor may not be held liable under § 1983 for the constitutional violations of a subordinate on a respondeat superior theory." *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001) (citing *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir.1995)).

Rather, "a supervisor's liability arises if 'he directly participates in a constitutional violation or if a failure to properly supervise and train the offending employee caused a deprivation of constitutional rights.'" *Id.* (quoting *Andrews v. Fowler,* 98 F.3d 1069, 1078 (8th Cir.1996) (citations omitted)); *see also Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997).

In the case at bar, plaintiff does not allege that defendants Lombardi and Mesmer directly participated in the violation of her constitutional rights, but rather claims they are liable in a supervisory capacity for Jamie Blair sexually stalking her after she was released from prison. A supervisor may be liable under § 1983 for failing to properly train or supervise a subordinate if he or she:

> (1) had 'notice of a pattern of unconstitutional acts committed by subordinates'; (2) was deliberately indifferent to or tacitly authorized those acts; and (3) failed to take 'sufficient remedial action'; (4) proximately causing injury to [plaintiff]. In order to show deliberate indifference or tacit authorization, [a plaintiff] must allege and ultimately prove [the defendant] 'had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation.'

*Livers v. Schenck*, 700 F.3d 340, 355-56 (8th Cir. 2012) (quoting *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996) (quoting *Jane Doe A.*, 901 F.2d at 645)).

Plaintiff does not allege that defendants Lombardi and Mesmer acted with deliberate indifference or had ever received notice of similar misconduct on the part

-4-

of Jamie Blair.  Moreover, plaintiff does not causally link Lombardi and Mesmer's alleged failure to train and supervise to Blair's alleged stalking in this case.  In short, plaintiff's allegations are mere conclusions and attempted recitals of the elements of a cause of action, which are not entitled to the assumption of truth.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-51 (2009).  For these reasons, the Court will dismiss this action as to defendants Lombardi and Mesmer.

### B. Equal Protection Claim

Plaintiff alleges that defendant Chris Koster denied her equal protection of the laws.  In this regard, plaintiff states:

> [T]he primary reason 'nothing gets done' in the State of Missouri concerning the rights of prisoners is that Defendant Chris Koster (and his predecessors) always - without exception - 'take the side' of the Missouri Department of Corrections, no matter how egregious their conduct, or how many felonies they commit, or how many court orders they ignore.

[Doc. #1, page 6 of 11].  Plaintiff further states that Koster "is well aware that the actions of Defendant James Blair and others like him have resulted in numerous lawsuits against personnel of the Missouri Department of Corrections, which [he] has had to defend in court" [Doc. #1, page 8 of 11].

The Equal Protection Clause "prohibits government officials from selectively applying the law in a discriminatory way." *Central Airlines, Inc. v. United States*,

138 F.3d 333, 334-35 (8th Cir.1998) (citation omitted). "It protects 'fundamental rights,' 'suspect classifications,' and 'arbitrary and irrational state action.'" *Brandt v. Davis*, 191 F.3d 887, 893 (8th Cir.1999). In the instant case, plaintiff does not claim that she belongs to a suspect class or has a fundamental right at stake, and her failure to do so is detrimental to her equal protection claim.

Moreover, even if plaintiff's complaint is interpreted as attempting to assert a "class of one" violation, it fails. Such a claim is allowed where a plaintiff demonstrates that she was "intentionally treated differently from others similarly situated and that there [was] no rational basis for the difference in treatment." *Flowers v. City of Minneapolis*, 558 F.3d 794, 799 (8th Cir.2009) *(quoting Village of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000)). Plaintiff's complaint fails to allege such a claim. Because plaintiff has failed to assert any facts indicating that defendant Koster invidiously discriminated against her in favor of another person or class of persons*,* with no rational basis for any differentiation in treatment, her equal protection claim will be dismissed as legally frivolous.

**C. State-Law Claims**

Plaintiff alleges that defendant Jamie Blair's actions constituted intentional infliction of emotional distress and an invasion of privacy under Missouri law.

Because all of plaintiff's federal claims will be dismissed, the Court will decline to exercise jurisdiction over, and will dismiss, plaintiff's remaining pendent state-law claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Hassett v. Lemay Bank & Trust Co.*, 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion"). If plaintiff wishes to do so, she may bring these claims in a separate action in Missouri state court.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 13th day of November, 2013.

*Catherine D. Perry*
UNITED STATES DISTRICT JUDGE